UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLD REPUBLIC INSURANCE
COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

LILYBLAD PETROLEUM INC., et al.,

Defendants.

CASE NO. C08-5556BHS

ORDER DENYING
DEFENDANT LILYBLAD'S
MOTION TO DISMISS

This matter comes before the Court on Defendant Lilyblad's Motion to Dismiss (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 16, 2008, Plaintiff Old Republic Insurance Company ("Old Republic") filed a complaint against Defendants Lilyblad Petroleum Inc. ("Lilyblad"), Terra Vac Corporation ("Terra Vac"), and the Washington State Department of Ecology ("Department of Ecology"). Dkt. 1. Old Republic seeks an interpleader and an injunction to prevent other actions pursuant to 28 U.S.C §§ 1335 and 2361 and Fed. R. Civ. P. 22 and a declaratory judgment pursuant to 28 U.S.C. § 2201. *Id.*

ORDER - 1

Old Republic claims that "Lilyblad owned and operated a solvent reprocessing facility on Port of Tacoma Road in Tacoma." *Id*. ¶ 3.2. In 1995, Lilyblad and the Department of Ecology entered into an Agreed Order requiring Lilyblad to undertake various remediation activities for the Port of Tacoma Road Site. *Id*. ¶ 3.4.

Old Republic insured Lilyblad and, in 1997, the parties engaged in a coverage dispute before United States Magistrate Judge J. Kelley Arnold. *See Lilyblad Petroleum, Inc. v. U.S. Fire Ins. Co.*, No. C97-5414-JKA (W.D. Wash). On February 3, 2000, Old Republic and Lilybald entered into a Settlement and Release Agreement. *Id*. ¶¶ 3.1 and 3.6. The Settlement and Release Agreement, in pertinent part, stated that "Old Republic agrees to pay, up to its policy limits, for the corrective actions selected for the Port of Tacoma Road Site by the Washington Department of Ecology . . . ." *Id*. ¶ 3.6. Moreover, the agreement included mandatory mediation clauses. *Id*., Exh. 2, ¶¶ 18.1 and 18.2, On July 21, 2000, Judge Arnold entered a statistical termination of the coverage dispute and issued an order that stated, in relevant part, as follows:

> Counsel should note that this termination is intended solely to remove this matter from the court's docket of acting pending cases in order to alleviate congestion of the court's docket. At such time as the parties deem this litigation in a posture to proceed before the court, they shall file a motion to reopen and the matter will proceed. The motion to reopen shall be filed in the above referenced cause number. No new case need be filed nor will additional filing fees be required.

*See Lilyblad*, No. C97-5414-JKA, Dkt. 160.

On June 10, 2003, Lilyblad and Terra Vac entered into a Design Build Agreement that called for Terra Vac to perform certain work at the Port of Tacoma Road Site as part of the remediation required by the Agreed Order. *Id*. ¶ 3.8. Old Republic was listed as a Guarantor in the Design Build Agreement between Lilyblad and Terra Vac. *Id*. ¶ 3.9. In February of 2006, the Department of Ecology instructed Lilyblad to discontinue Terra Vac's operations at the Lilyblad site. *Id*. ¶ 3.11.

On May 29, 2007, Terra Vac wrote to Lilyblad and claimed that it was entitled to various additional sums as a result of the termination of its work and the "suspension" of

ORDER - 2

the Design Build Agreement. *Id.* ¶ 3.13. Old Republic claims that its liability is subject to the limits of its policies, which, after payment of some obligations under the policies, leaves $756,897 to be distributed. *Id.* ¶ 3.16. On August 28, 2008, Terra Vac demanded the $756,897 from Old Republic. *Id.* ¶ 3.15.

On October 23, 2008, Defendant Lilyblad filed a Motion to Dismiss. Dkt. 27. On November 3, 2008, Old Republic and Defendant Terra Vac filed briefs in opposition to Lilyblad's motion. Dkts. 30 and 31. On November 7, 2008, Lilyblad replied. Dkt. 33.

## II. DISCUSSION

Lilybald argues that, by filing this lawsuit, Old Republic violated not only the Settlement and Release Agreement between Lilybald and Old Republic but also Judge Arnold's order of statistical termination. Dkt. 27 at 4-6. Old Republic counters that this interpleader action was instigated by disputes with Terra Vac who is not a party to either the coverage dispute or the Settlement and Release Agreement. Dkt. 30 at 5. The Court agrees. Lilybald has failed to show that this action should be dismissed in its entirety when the claims have arisen from a dispute with Terra Vac. Terra Vac was not a party in the coverage dispute and only became involved with Old Republic and Lilybald after the coverage dispute had been settled. Therefore, the Court denies Lilybald's motion to dismiss this action in its entirety.

## III. ORDER

It is hereby

**ORDERED** that Defendant Lilyblad's Motion to Dismiss (Dkt. 27) is **DENIED**.

DATED this 26th day of November, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3