UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLD REPUBLIC INSURANCE
COMPANY, a Pennsylvania Corporation,

Plaintiff,

v.

LILYBLAD PETROLEUM INC., et al.,

Defendants.

CASE NO. C08-5556BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION

This matter comes before the Court on Plaintiff's Motion to Determine And Order Payment of Defense Costs and to Compel Mediation (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion, the oral argument presented at a hearing held on February 23, 2009, and the remainder of the file, and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On September 16, 2008, Plaintiff Old Republic Insurance Company ("Old Republic") filed a complaint against Defendants Lilyblad Petroleum Inc. ("Lilyblad"), Terra Vac Corporation ("Terra Vac"), and the Washington State Department of Ecology ("Department of Ecology"). Dkt. 1. Old Republic seeks an interpleader and an injunction to prevent other actions pursuant to 28 U.S.C §§ 1335 and 2361 and Fed. R. Civ. P. 22 and a declaratory judgment pursuant to 28 U.S.C. § 2201. *Id.*

ORDER - 1

On September 18, 2008, Plaintiff filed a Motion to Deposit Funds into Court. Dkt. 5. Plaintiff's counsel certified under penalty of perjury that notification of the filing would be sent to all parties of record via the Court's electronic case management system. *Id*. at 3. On October 10, 2008, the Court granted Plaintiff's motion. Dkt. 21. On October 21, 2008, Plaintiff deposited two checks into the Court's registry that it claims represented the remaining limits of its insurance policy with Defendant Lilyblad. Dkt. 25.

On October 23, 2008, Defendant Lilyblad's attorney filed a notice of appearance (Dkt. 26) and a Motion to Dismiss Without Prejudice (Dkt. 27). Defendant argued that, with this action, Plaintiff sought "to eliminate its obligation to defend and indemnify its insured," Lilyblad. Dkt. 27 at 1. On November 26, 2008, the Court denied the motion. Dkt. 38.

On November 20, 2008, Plaintiff filed a Motion To Determine and Order Payment of Defense Costs and to Compel Mediation. Dkt. 36. On December 1, 2008, Defendants Lilyblad and Terra Vac responded. Dkts. 39 and 41. On December 5, 2008, Plaintiff and Defendant Terra Vac replied. Dkt. 42 and 44. On December 12, 2008, Defendant Lilyblad filed a surreply requesting that the Court strike Defendant Terra Vac's reply. Dkt. 45. On January 13, 2009, the Court denied the surreply and renoted Plaintiff's motion to the Court's January 23rd, 2009 calendar. Dkt. 47. On January 23, 2009, Defendant Lilyblad filed another surreply. Dkt. 51. On February 3, 2009, the Court issued a notice of hearing on Plaintiff's motion. Dkt. 53. On February 13, 2009, the Court held a hearing on this motion. Dkt. 54.

## II. FACTUAL BACKGROUND

Old Republic claims that "Lilyblad owned and operated a solvent reprocessing facility on Port of Tacoma Road in Tacoma." *Id*. ¶ 3.2. In 1995, Lilyblad and the Department of Ecology entered into an Agreed Order requiring Lilyblad to undertake various remediation activities for the Port of Tacoma Road Site. *Id*. ¶ 3.4.

Old Republic insured Lilyblad and, in 1997, the parties engaged in a coverage dispute before United States Magistrate Judge J. Kelley Arnold. *See Lilyblad Petroleum, Inc. v. U.S. Fire Ins. Co.*, No. C97-5414-JKA (W.D. Wash). On February 3, 2000, Old Republic and Lilybald entered into a Settlement and Release Agreement. *Id*. ¶¶ 3.1 and 3.6. The Settlement and Release Agreement, in pertinent part, stated that "Old Republic agrees to pay, up to its policy limits, for the corrective actions selected for the Port of Tacoma Road Site by the Washington Department of Ecology . . . ." *Id*. ¶ 3.6. Moreover, the agreement included mandatory mediation clauses. *Id*., Exh. 2, ¶¶ 18.1 and 18.2, On July 21, 2000, Judge Arnold entered a statistical termination of the coverage dispute and issued an order that stated, in relevant part, as follows:

> Counsel should note that this termination is intended solely to remove this matter from the court's docket of acting pending cases in order to alleviate congestion of the court's docket. At such time as the parties deem this litigation in a posture to proceed before the court, they shall file a motion to reopen and the matter will proceed. The motion to reopen shall be filed in the above referenced cause number. No new case need be filed nor will additional filing fees be required.

*See Lilyblad*, No. C97-5414-JKA, Dkt. 160.

On June 10, 2003, Lilyblad and Terra Vac entered into a Design Build Agreement that called for Terra Vac to perform certain work at the Port of Tacoma Road Site as part of the remediation required by the Agreed Order. *Id*. ¶ 3.8. Old Republic was listed as a Guarantor in the Design Build Agreement between Lilyblad and Terra Vac. *Id*. ¶ 3.9. In February of 2006, the Department of Ecology instructed Lilyblad to discontinue Terra Vac's operations at the Lilyblad site. *Id*. ¶ 3.11.

On May 29, 2007, Terra Vac wrote to Lilyblad and claimed that it was entitled to various additional sums as a result of the termination of its work and the "suspension" of the Design Build Agreement. *Id*. ¶ 3.13. Old Republic claims that its liability is subject to the limits of its policies, which, after payment of some obligations under the policies, leaves $756,897 to be distributed. *Id*. ¶ 3.16. On August 28, 2008, Terra Vac demanded the $756,897 from Old Republic. *Id*. ¶ 3.15.

**III. DISCUSSION**

Plaintiff requests that the Court order (1) "the payment of defense costs for Defendant Lilyblad on an ongoing basis" and (2) "all parties to participate in mediation pursuant to LR 39.1." Dkt. 36 at 2. Defendant Lilyblad requests that the Court order Old Republic to pay Lilyblad's defense cost pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). Dkt. 41 at 6; Dkt. 51 at 4-5.

**A.  Defense Costs**

Plaintiff claims that, in the past, Lilyblad's defense fees and costs "have been paid as incurred from the funds of the Old Replublic [insurance] policy." Dkt. 36 at 2. The remaining proceeds, however, are currently in the Court's registry due to the current status of this action as an interpleader proceeding. Plaintiff argues that Lilyblad "should be able to continue to use funds remaining available within the policy to defend itself against Terra Vac's claims . . . ." Dkt. 36 at 9. Plaintiff maintains that "[s]uch an arrangement is consistent with the [insurance] policy language and the case law interpretation of similar policies discussed above." *Id*. Plaintiff is therefore implicitly conceding that, in order to grant its requested relief, the Court must not only interpret provisions of the relevant insurance policy but also apply case law based on "similar policies." Plaintiff has failed to show that this motion is neither a motion for preliminary injunction nor a motion for judgment as a matter of law.

Indeed, Defendant Terra Vac argues that Plaintiff's request for relief amounts to either a motion for preliminary injunction or a motion for summary judgment. Dkt. 39 at 1. The Court agrees. Moreover, Plaintiff has failed to meet the requirements of either motion. Plaintiff has failed to show that it will suffer irreparable harm if a preliminary injunction does not issue. *See Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). Plaintiff has also failed to show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

1  Therefore, the Court denies Plaintiff's motion without prejudice because, at this
2 time, Plaintiff has failed to show that it is entitled to its requested relief as a matter of law.

**B.  Mediation**

"[I]n the interests of resolving the issues presented in the most efficient manner, Old Republic respectfully requests that this court order all parties to engage in mediation without further delay . . . ." Dkt. 36 at 10. The Court agrees, as did all of the parties during the hearing on this motion. Therefore, the Court orders that, by April 1, 2009, all parties either participate in mediation or file a stipulation for mediation pursuant to Local Rule 39.1(c).

**C.  *Olympic Steamship***

In *Olympic Steamship*, the Washington Supreme Court held that an insured may recover its attorney's fees whenever "the insurer compels the insured to assume the burden of legal action[] to obtain the full benefit of his insurance contract." *Id.* at 53. While it may be that Lilyblad is compelled to initiate litigation to obtain the full benefit of its insurance contract, it is not entirely clear that this action is necessary to obtain those benefits. Currently, this is an interpleader action and Old Republic claims that Lilyblad's defense costs should be paid by the proceeds of the insurance contract. Therefore, the Court denies, without prejudice, Lilyblad's request for an award of fees under *Olympic Steamship* because it has failed to show that an immediate and ongoing payment of attorney's fees is warranted based on the facts before the Court and existing case law.

**IV. ORDER**

It is hereby

**ORDERED** that Plaintiff's Motion to Determine and Order Payment of Defense Costs and to Compel Mediation (Dkt. 36) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's request for the payment of defense costs for Defendant Lilyblad on an ongoing basis out of the funds deposited with the Court is **DENIED** without prejudice; and

2. Plaintiff's request that all parties participate in mediation pursuant to LR 39.1 is **GRANTED**. All parties shall either participate in mediation or file a stipulation for mediation pursuant to Local Rule 39.1(c) no later than April 1, 2009.

DATED this 17th day of February, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge